# 2000 DTA 165

### TRIBUNAL DE CIRCUITO DE APELACIONES
### CIRCUITO REGIONAL VI DE CAGUAS/HUMACAO/GUAYAMA
### PANEL SUSTITUTO

MARIA I. HERNANDEZ ESCALANTE, *ET. AL.*
Demandantes-Apelados

v.

MUNICIPIO DE CAYEY
Demandado-Apelante

Núm. KLAN-99-00008

San Juan, Puerto Rico, 22 de junio de 2000

Panel integrado por su Presidenta, Juez Pesante Martínez
y los Jueces Martínez Torres y Salas Soler

Salas Soler, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

### I

El apelante, Municipio de Cayey (en adelante *"el apelante"* o *"el Municipio"*), acude ante nos solicitando la revocación de una sentencia dictada por el Tribunal de Primera Instancia, Sala Superior de Guayama, el 8 de diciembre de 1999, archivada en autos copia de su notificación el 10 de diciembre del mismo año. Mediante el referido dictamen, el foro de instancia condenó al apelante a pagar la cantidad de $150,000 en daños a los aquí apelados por la muerte de Pedro Hernández Torres, conforme a las disposiciones del Artículo 15.004 de la Ley de Municipios Autónomos, 21 L.P.R.A. sec.4704. Contamos con el beneficio de la comparecencia de ambas partes para resolver. Examinados a cabalidad los autos y las comparecencias, confirmamos.

Los hechos que dieron origen al presente recurso, se resumen a continuación.

### II

El 14 de septiembre de 1995, tres individuos perpetraron un robo a la Joyería Alana localizada en el Municipio de Cayey. Mientras los ladrones intentaban escapar de la escena del crimen, el agente municipal Luis Antonio Medina (en adelante Medina), les persiguió para tratar de arrestarlos. Al llegar a la Calle Núñez Romeu de la mencionada municipalidad, Medina vio a los ladrones entrar a un vehículo modelo *"van"* estacionado en una esquina de la calle. Cuando uno de los ladrones estaba entrando en el referido vehículo, se viró y apuntó con un arma a Medina. Medina buscó cubierta detrás de otro vehículo para protegerse en caso de que se le disparara, pero los ladrones nunca le dispararon. Fue entonces cuando Medina salió de su cubierta, y rápidamente disparó su arma de fuego contra el individuo para tratar de detener a los ladrones. En el instante en que Medina hace el disparo, los ladrones ya se encontraban dentro de la *"van"*, y ésta ya había comenzado la marcha.

Como consecuencia del disparo que hizo el agente Medina al utilizar su arma de reglamento, resultó herido en la cabeza el señor Pedro Hernández Torres, un vendedor de donas y persona mayor de la localidad. Dicha herida le ocasionó posteriormente la muerte en el Hospital Menonita de Cayey.

Por tales hechos, el 14 de diciembre de 1995, los familiares de Pedro Hernández Torres presentaron una demanda en daños y perjuicios contra el Municipio de Cayey. Alegaron, en síntesis, que la muerte de Pedro Hernández Torres se debió a la negligencia del agente Luis Antonio Medina de la Policía Municipal de Cayey. Por tal razón, demandaron al Municipio de Cayey alegando que el municipio le era vicaria y solidariamente responsable por los daños ocasionados a raíz de la muerte del señor Hernández.

Oportunamente, el Municipio de Cayey contestó la demanda aceptando algunas de las alegaciones contenidas en la demanda y negando otras. Como parte de sus defensas afirmativas, los aquí apelantes argumentaron la falta de partes indispensables en el pleito.

Así las cosas, tanto los apelantes como los apelados utilizaron los mecanismos de descubrimiento de prueba que proveen nuestras reglas de procedimiento civil. Específicamente, el 14 de agosto de 1997, los aquí apelados le cursaron un requerimiento de admisiones a los apelantes. Este fue contestado por el municipio, el 24 de septiembre de 1997, dando por admitido todos y cada uno de los aspectos requeridos en el mismo. Sin embargo, el mismo no fue contestado bajo juramento.

Luego de varios incidentes procesales relacionados al requerimiento de admisiones en cuestión, el día 13 de marzo de 1998 se celebró una vista sobre el estado de los procedimientos y se le concedió una prórroga de veinte (20) días a los apelantes para contestar el mismo bajo juramento. Finalmente el 1ro. de mayo de 1998, y ante la desatención por el municipio, el tribunal de instancia dictó una orden dando por admitido el requerimiento.

El 13 de agosto de 1998, los aquí apelados presentaron una moción solicitando sentencia sumaria. La misma fue declarada con lugar, quedando establecida mediante la misma la negligencia de los aquí apelantes. Para fundamentarla, se utilizó el requerimiento de admisiones que el tribunal de instancia diera por admitido en su

orden del 1° de mayo de 1998. De dicha determinación, acudieron ante este Tribunal. Mediante resolución del 26 de marzo de 1999, ■ este Tribunal no expidió el auto de *certiorari* solicitado por haber sido presentado tardíamente.

Ante el estado procesal prevaleciente, el foro de instancia señaló una vista para dilucidar los daños habidos en el caso. Celebrada la misma, el foro de instancia concedió daños ascendentes a $231,000.00 a los familiares de Pedro Hernández Torres por los sufrimientos, angustias mentales y los ingresos dejados de recibir debido a la muerte de éste. Redujo dicha cantidad a $150,000.00 de acuerdo al Artículo 15.004 de la Ley de Municipios Autónomos, *supra*.

Inconforme con dicha determinación, acude ante este foro el Municipio de Cayey mediante la presentación del recurso ante nuestra consideración, imputándole al foro de instancia la comisión de cuatro errores. Los mismos rezan como sigue:

*"Erró el Tribunal de Primera Instancia al resolver que la parte apelante es responsable de los daños que alega la parte apelada, aun cuando no hubo prueba de que el apelante incurrió en negligencia.*

*Erró el Tribunal de Primera Instancia al concluir que el apelante incurrió en negligencia, aun cuando no se alegó la misma en la demanda enmendada y a que en la moción de sentencia sumaria y sus anejos tampoco se colocó al Honorable Tribunal de Primera Instancia en posición de hacer tal determinación.*

*Erró el Tribunal de Primera Instancia al concluir que la negligencia de un tercero que es parte indispensable, pero no es parte en el pleito, puede imputarse a la parte apelante bajo las disposiciones del Artículo 18.P13 del Código Civil de Puerto Rico.*

*Erró el Tribunal de Primera Instancia al valorizar los daños de los demandantes por concepto de pérdida futura de ingresos y angustias mentales, concediendo cuantías excesivas improcedentes."*

Por estar los errores señalados íntimamente relacionados y entrelazados entre sí, procedemos a discutirlos de forma conjunta.

### III

Un análisis integrado del caso traído ante nuestra consideración, nos lleva a coincidir con la apreciación del ilustrado foro de instancia. Explicamos. En nuestra jurisdicción, como bien sabemos, impera la regla de que todo aquél que cause daño a otro, mediando culpa o negligencia, viene obligado a reparar el daño causado. Código Civil, Art. 1802, 31 L.P.R.A. sec. 5141; *Laureano Pérez v. Soto*, ___ D.P.R. ___ (1996), **96 J.T.S. 88.** La responsabilidad que recae sobre el Estado por las acciones u omisiones negligentes de sus empleados, conocida como responsabilidad vicaria, viene impuesta, a su vez, por el Art. 1803 del Código Civil, 31 L.P.R.A. sec. 5142. En el área de la responsabilidad vicaria, se entiende que los dueños de establecimientos o empresas, en su calidad de patronos, son civilmente responsables de los daños causados por la culpa o negligencia de sus agentes o empleados; ello, dentro de las atribuciones de su empleo y aunque hayan actuado de forma contraria a las instrucciones recibidas de sus patronos. *Vargas Vargas v. Belthor Cáceres Corp.*, 90 D.P.R. 37 (1964); *Martínez v. U.S. Casualty Co.*, 79 D.P.R. 596 (1956). Estas disposiciones son extensivas al Estado, quien responde de los actos lesivos de sus empleados como cualquier otro patrono y quien, mediante la Ley Núm. 104 de 29 de junio de 1955, conocida como la Ley de Reclamaciones y Demandas contra el Estado, 32 L.P.R.A. secs. 3077 *et seq.*, ha dado su autorización para ser demandado en casos de la naturaleza aquí tratada. *Rodríguez v. Colón Colón*, 103 D. P.R. 493 (1975); *Piñeiro Manzano v. E.L.A.*, 101 D.P.R. 113 (1973). En el caso de los municipios, es la Ley de Municipios Autónomos, 21 L.P.R.A. secs. 4701 a la 4708, aquélla que brinda a la persona injuriada por los actos u omisiones negligentes de un empleado municipal, la oportunidad de obtener el reparo merecido.

Por su parte, el Artículo 1804 del Código Civil, 31 L.P.R.A. Sec. 5143, trata sobre la relación interna entre el agente y el principal en los casos en que media responsabilidad vicaria:

*"El que paga el daño causado por sus dependientes, puede repetir de éstos lo que hubiese satisfecho."*

Sobre el particular, Don Herminio M. Brau del Toro, en su obra *Los Daños y Perjuicios Extracontractuales en Puerto Rico,* Segunda Edición, **Publicaciones J.T.S.**, comenta lo siguiente:

*"[3] - Daños en que media responsabilidad vicaria:*

*En tales casos, el perjudicado puede demandar a ambos, o a cualquiera entre el agente y el principal. Si el perjudicado demanda al principal y recobra de éste, dicho principal puede repetir contra aquél por quien tuvo que responder. La responsabilidad de éstos es solidaria.*

*El derecho a repetir surge bajo el principio de derecho a recibir indemnización para evitar que el agente se aproveche del principal".*

Si la responsabilidad vicaria implica necesariamente responsabilidad entre el agente y el principal, es forzoso concluir, según ha resuelto el Tribunal Supremo, que:

*"... La doctrina de la solidaridad consagrada en García v. Gobierno de la Capital, supra, permite traer a juicio instado a tiempo, a un co-causante solidario que originalmente no fue incluido en el pleito ... a través de demanda contra tercero por parte del demandado original (o) por enmienda de la demanda por parte del demandante ... (s)ólo se requiere alegar bien y suficientemente en la demanda el hecho de que el nuevo demandado, o tercero demandado según los casos, responde solidariamente por los daños reclamados con el demandado original, contra quien se radicó demanda dentro del término prescriptivo dispuesto por el ordenamiento...".* Monserrate A. Arroyo y otros v. Hospital La Concepción y otros, 130 D.P.R. 596 (1992), página 11, (citas omitidas).

Ahora bien, aquí, como en cualquier otro caso fundado en la alegada comisión de daños, la parte demandante viene obligada a probar la existencia de tres elementos o requisitos básicos: (1) tiene que haber un daño real, (2) debe existir nexo causal entre el daño y la acción u omisión de otra persona, y (3) el acto u omisión debe ser culposo o negligente. *Bonilla v. Chardón,* 118 D.P.R. 599 (1987).

Así expuesto el derecho aplicable al caso de autos, pasemos a examinar bajo esa luz los hechos ante nuestra consideración.

Del requerimiento de admisiones cursado por los apelados de epígrafe al Municipio de Cayey, y el cual fue admitido en su totalidad por este último, se desprende claramente la negligencia, del agente Medina. [2] Dicho requerimiento de admisiones fue tomado como base para la determinación de negligencia que hiciera el foro de instancia al declarar con lugar la solicitud de sentencia sumaria hecha por los aquí apelados. El apelante arguye que la negligencia establecida por el requerimiento de admisiones en cuestión, sólo establece negligencia contra el agente Medina y no contra el Municipio. Argumenta, además, que el agente Medina es parte indispensable en el pleito, no figurando éste como parte en el mismo. Ciertamente, dicho argumento, aparte de carecer de méritos en su totalidad, es uno frívolo por demás. Conforme a la normativa antes expuesta, el Municipio de Cayey como patrono del agente municipal Medina, es responsable de forma vicaria de las actuaciones negligentes de sus empleados. El hecho de que el agente Medina no sea parte en el pleito, en nada afecta los derechos y las obligaciones del Municipio. El municipio puede, luego, conforme a las disposiciones del Artículo 1804 del Código Civil, *supra,* repetir lo pagado contra el causante de los daños, en este caso el agente Medina. En todo caso, el municipio pudo muy bien entablar una demanda contra tercero y traer al agente Medina al pleito, cosa que no hizo. No puede ahora imputarle dicho error a los apelados, quienes tenían la prerrogativa de establecer la reclamación contra ambos o uno sólo de ellos. Recordemos que conforme a nuestro estado de derecho, la responsabilidad en el presente caso es solidaria.

Por último, los apelantes cuestionan la cuantía y la valorización de los daños hecha por el foro de instancia. Bajo la fórmula amplia de responsabilidad consagrada en el Art. 1802 del Código Civil, *supra*, no existe una tabla o computadora electrónica que recoja todos los elementos y premisas inarticuladas que nutren la valoración del dolor físico y mental humano, y permita, mediante la aplicación de unas teclas o el oprimir unos botones, obtener el resultado final apropiado. Esta función descansa sobre el ejercicio discrecional prudente, juicioso y razonable del juzgador de hechos, animado por un sentido de justicia y de conciencia humana. El contacto con la prueba presentada en el proceso judicial de primera instancia y las impresiones derivadas de la apreciación visual del juez, es la razón básica para que en ausencia de un dictamen imponiendo una cuantía ridículamente baja o exageradamente alta, a la luz de la prueba sobre daños presentada, en nuestra función apelativa, implantemos la norma de abstención judicial fundada en criterios de estabilidad y de respeto a los tribunales de primera instancia. *Urrutia v. A.A.A.*, 103 D.P.R. 643 (1975).

El Tribunal Supremo de Puerto Rico ha establecido que no debemos *"... intervenir con las determinaciones de hechos que hace un tribunal de instancia"* y *"... sustituir su ... criterio por el del juzgador ante quien declararon los testigos y quien tuvo la oportunidad de verlos declarar y apreciar su demeanor, Ramos Acosta v. Caparra Dairy, Inc., 113 D.P.R. 357 (1982), a menos que se demuestre que dicho foro actuó con pasión, prejuicio o parcialidad"*. *Vélez v. Secretario de Justicia*, 115 D.P.R. 533 (1984). Así, la apreciación de la prueba efectuada por el Tribunal de Primera Instancia merece gran deferencia, por lo que sólo en ausencia de circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto, los tribunales de apelaciones no intervienen en cuanto al trasfondo fáctico determinado por instancia. *Sánchez Rodríguez v. López Jiménez*, 116 D.P.R. 172 (1985).

En el presente caso, no encontramos indicios de pasión, prejuicio o parcialidad por parte del foro de instancia. Por dicha razón, no intervendremos con la apreciación que de la prueba hiciera el distinguido foro. Somos del criterio de que dado los hechos del presente caso, la valorización de los daños está ampliamente sustentada por la prueba desfilada y no controvertida presentada por los apelados.

En mérito de lo expuesto, confirmamos la sentencia emitida por el Tribunal de Primera Instancia, Sala Superior de Guayama, el 8 de diciembre de 1999.

Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General